(No. 4232—

KATHRYN A. DOWNEY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 21, 1955.*

ENSEL, MARTIN, JONES AND BLANCHARD, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

This matter comes before the Court upon the supplemental complaint of Kathryn A. Downey, which was filed on March 19, 1954.

On October 21, 1948, claimant, Kathryn A. Downey, while employed in the office of the Secretary of the State, fell on a stairway, and sustained serious injuries to her back. On March 9, 1951, the matter was before the Court, and an award was made to the said claimant for medical and hospital expenses. (20 C.C.R. 232.) The Court specifically reserved jurisdiction of this case for further orders as from time to time might be necessary.

Since October 16, 1950, claimant has incurred additional expenses for medical and hospital care, medicines, and transportation charges.

This proceeding was heard by Commissioner Jones, and the following items of expense were admitted in evidence:

| | |
|---|---:|
| Johnston Surgical Supply Company | $ 37.50 |
| Dr. Barbara A. Pleak | 15.00 |
| Springfield Rural Urban Clinic | 173.75 |
| St. John's Hospital (physical therapy treatments) | 172.00 |
| Medicinal Supplies | 7.00 |
| Pharmacy | 12.00 |
| X-Ray | 15.00 |
| Other Medicines | 31.00 |
| Transportation to Offices and Hospital | 139.00 |
| Total | $602.25 |

There was no dispute as to the said items, and, since no Departmental Report was offered, it was the recommendation of the Commissioner that the claim be allowed.

Harry L. Livingstone of Springfield, Illinois was employed to take and transcribe the testimony at the hearing, and has submitted charges for such services in in the amount of $48.80.

An award is, therefore, made to Kathryn A. Downey in the sum of $602.25.

An award is hereby made in favor of Harry L. Livingstone in the amount of $48.80 for court reporting services.

Jurisdiction of this case is specifically reserved for such further orders, as from time to time may be necessary.

This award is made subject to the approval of the Governor, as provided in Section 3 of "An Act Concerning the Payment of Compensation Awards to State Employees".